NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SUNSHINE-50 CARE CENTERS, INC., HILTON CONVALESCENT HOME DIVISION, Respondent.

No. 75-2468.

United States Court of Appeals, Sixth Circuit.

June 27, 1977.

Elliott Moore, Deputy Associate Gen. Counsel, John H. Ferguson, Gil A. Abramson, Washington, D.C., for N.L.R.B.

Pieter Van Horne, McInally, Rockwell, Brucker, Newcombe & Wilke, Wilber M. Brucker, Jr., Detroit, Mich., for respondent.

Before EDWARDS and CELEBREZZE, Circuit Judges, and ZIRPOLI,* Senior District Judge.

ORDER

On receipt and consideration of a petition from the National Labor Relations Board seeking enforcement of its decision and order finding that respondent had violated § 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) and (1) (1970), by refusing to bargain with the duly certified representative of its employees and ordering such bargaining, see 220 N.L. R.B. No. 53 (1975); and

Further noting that the company's refusal to bargain was based upon its contentions that the Board improperly overruled its objections to an election among the employees of the company's Hilton Nursing Home (which the union won by a vote of 24 to 13); and

Concluding from a review of this record that although a leaflet mailed six days before the election to the employees of the Hilton Nursing Home containing excerpts from and comments on a financial report of the parent corporation rather than the particular home whose employees were involved in the election, but the record shows that the company knew of said leaflet two days before the election and responded by instructing its representatives to speak individually to the 35 employees involved; and

Noting further that the Board's agent who conducted the election at the Hilton

* Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.

Nursing Home twice during voting hours left the polling place to announce the voting hours to the employees, thereby absenting himself from the polling area for one to three minutes on each occasion and on a third occasion went to an adjacent room to answer an employee's question, returning immediately to the polling area; and

Further noting that on each such occasion election observers from petitioner and the employer were present in the polling area and subsequently certified that the election was fairly conducted and the ballot box was protected,

Now, therefore, we conclude that the Board's adoption of the Regional Director's findings and recommendations pertaining to certification of the union as bargaining representative and its subsequent entrance of a bargaining order were consistent with this record and its authority under the National Labor Relations Act,

Wherefore this court, (with Judge Celebrezze dissenting on the ground that a remand for an evidentiary hearing is appropriate) grants enforcement of the order of the Board.